United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lee Michael Harrison, Petitioner ) <br> ) <br> v. ) <br> ) <br> Federal Bureau of Prisons, ) <br> Respondent. ) | Civil Action No. 22-14312-Scola |

## Order

Before the Court is Petitioner Lee Michael Harrison's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) ("Petition"). The Court has considered Harrison's Petition, the government's response (ECF No. 7) ("Response"), the entire record, and is otherwise fully advised. For the reasons explained below, the Petition is denied.

### Background

Harrison argues that he is owed First Step Act ("FSA") earned time credits that should be applied to shorten his term of supervised release. (*See generally* Petition). Specifically, he contends that he lost 469 days of earned time credits without due process. (*See id.*). Respondent disagrees, but first asserts that Harrison is suing the wrong party—U.S. Probation rather than the Bureau of Prisons—and that he also failed to exhaust administrative remedies. *See* Response at 1.

### Exhaustion

Prior to initiating a proceeding under 28 U.S.C. § 2241, a petitioner must exhaust administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). The exhaustion requirement is not jurisdictional, so a district court "may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 859 (11th Cir. 2020).

The parties dispute the steps that must be taken to exhaust administrative remedies. It is easier to resolve the case on the merits. The

1

Court will therefore "skip over the exhaustion issue" and proceed to the merits. *Blevins*, 819 F. App'x at 859.

### Grounds One and Two

In Ground One, Harrison argues that his due process rights under 18 U.S.C. § 3632(e)(2) were denied by the revocation of at least 469 days of First Step Act Earned Time Credits. (*See* Petition at 5). In Ground Two, he asserts that "BOP violated the mandatory language of 18 U.S.C. § 3632(d)(4)(C) of the First Step Act." (*Id.* at 8). Both grounds can be addressed together. The prisoner release statute, 18 U.S.C. § 3624 in pertinent part, states:

> **(3) Supervised release.**--If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, **the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632.**

*Id.* (emphasis added). Based on the plain text of the statute, FSA credits cannot be used to shorten a term of supervised release. Rather, the credits can only be used to allow early transfer to supervised release.

In his Petition, Harrison relies primarily on *Dyer v. Fulgam*, a district court opinion from the Eastern District of Tennessee where the district judge applied the unused First Step Act time credits toward petitioner's term of supervised release. 2022 WL 1598249 (2022). The Court will not follow *Dyer v. Fulgam*.[1] That opinion is non-binding on this Court and the decision is under appeal. *See Dyer v. Fulgam*, Case No. 21-299-CV-Collier (ECF Nos. 18, 19).

Moving to binding caselaw, the Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time

---

[1] Other district courts have taken the same approach. *See Pillow v. Bureau of Prisons*, 2022 WL 13892877, at *7 (E.D. Ark. Oct. 21, 2022) ("The Court will not follow *Dyer v. Fulgam* and will not order his additional credits be applied to his two years of supervised release. Once [Petitioner] begins serving his supervised release, he is no longer in BOP custody, and the Court can no longer grant relief."); *Zimmer v. Marske*, 2022 WL 4016623 (W.D. Wis. Sept. 2, 2022) (finding that court cannot use withheld FSA credits to reduce term of supervised release retroactively).

served in prison." *United States v. Johnson*, 529 U.S. 53, 60 (2000). This is because "[s]upervised release fulfills rehabilitative ends distinct from those served by incarceration." *Id.* at 59; *see also Goldblatt v. Ortiz*, 2022 WL 1639007, at *2 (D.N.J. May 24, 2022) (applying *Johnson* to the § 2241 context and finding that "the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time."). As in *Johnson*, the prisoner release statute in the present case, "by its own necessary operation, does not reduce the length of a supervised release term by reason of excess time served in prison." *Johnson*, 529 U.S. at 60.

While this Court is unable to order relief, the sentencing court may, as it sees fit, modify an individual's conditions of supervised release under 18 U.S.C. § 3583(e)(2). Furthermore, the court may terminate an individual's supervised release obligations "at any time after the expiration of one year … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* § 3583(e)(1); *see also Shorter v. Warden*, 803 F. App'x 332, 334–35 (11th Cir. 2020); citing *Pope v. Perdue*, 889 F.3d 410, 414–15 (7th Cir. 2018) (The fact that a petitioner "spent too much time in prison … would carry 'great weight' in a § 3583(e) motion to reduce [the petitioner's] term," even though it would not "automatically entitle him to less supervised release.").

**Conclusion**

Accordingly, it is **ordered and adjudged** that the Petition (ECF No. 1) is **denied.** The Clerk is **directed** to close the case.

**Done and ordered**, in chambers, in Miami, Florida, on November 21, 2022.

Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Lee Michael Harrison
72144–066
Inmate Mail/Parcels
3816 Fetterbush Ct
Port Saint Lucie, FL 34952
PRO SE